Arif Virji, Esq. (SBN 130322)
avirji@cmprlaw.com
Justin D. Hein, Esq. (SBN 249275)
jhein@cmprlaw.com
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707

Attorneys for Defendant,
Wheeler Winery, Inc. dba
Buena Vista Historical Winery

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**, <br><br> Plaintiff, <br><br> v. <br><br> **Wheeler Winery, Inc. dba Buena Vista Historical Winery,** a California Corporation, <br><br> Defendants. | Case No: 21-cv-09787-JSW <br><br> **DEFENDANT WHEELER WINERY, INC., DBA BUENA VISTA HISTORICAL WINERY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** <br><br><br> **Complaint Filed: December 20, 2021** <br> **Trial Date: Not yet set** |

# ANSWER

Defendant Wheeler Winery, Inc., dba Buena Vista Historical Winery ("Defendant" or "Wheeler"), by and through its undersigned counsel, hereby submits its Answer to Plaintiff Andres Gomez's ("Plaintiff" or "Gomez") Complaint.

## PARTIES

1. In response to Paragraph 1 of the Complaint, Wheeler lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies each and every allegation.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted

6. In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## JURISDICTION AND VENUE

7. In response to Paragraph 7 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FACTUAL ALLEGATIONS

10. In response to Paragraph 10 of the Complaint, Wheeler is without sufficient knowledge or information to form a belief as to these allegations, and on that basis denies each of the allegations contained herein.

11. In response to Paragraph 11 of the Complaint, Wheeler is without sufficient knowledge or information to form a belief as to these allegations, and on that basis denies each of the allegations contained herein.

12. In response to Paragraph 12 of the Complaint, Wheeler admits it operates a vineyard in St. Helena, California, where it sells wine and has wine tasting.

13. In response to Paragraph 13 of the Complaint, Wheeler denies the allegations.

14. In response to Paragraph 14 of the Complaint, Wheeler admits that its website offers information and products for sale.

15. In response to Paragraph 15 of the Complaint, Wheeler admits that its website offers information and products for sale.

16. In response to Paragraph 16 of the Complaint, Wheeler is without sufficient knowledge or information to form a belief as to these allegations, and on that basis denies each of the allegations contained herein.

17. In response to Paragraph 17 of the Complaint, Wheeler is without sufficient knowledge or information to form a belief as to these allegations, and on that basis denies each of the allegations contained herein.

18. In response to Paragraph 18 of the Complaint, Wheeler is without sufficient knowledge or information to form a belief as to these allegations, and on that basis denies each of the allegations contained herein.

19. In response to Paragraph 19 of the Complaint, Wheeler is without sufficient knowledge or information to form a belief as to these allegations, and on that basis denies each of the allegations contained herein.

20. In response to Paragraph 20 of the Complaint, Wheeler denies each and every allegation.

21. In response to Paragraph 21 of the Complaint, Wheeler denies each and every allegation.

22. In response to Paragraph 22 of the Complaint, Wheeler is without sufficient knowledge or information to form a belief as to these allegations, and on that basis denies each of the allegations contained herein.

23. In response to Paragraph 23 of the Complaint, Wheeler denies each and every allegation.

24. In response to Paragraph 24 of the Complaint, Wheeler denies each and every allegation.

25. In response to Paragraph 25 of the Complaint, Wheeler denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Wheeler denies each and every allegation.

27. In response to Paragraph 27 of the Complaint, Wheeler is without sufficient knowledge or information to form a belief as to these allegations, and on that basis denies each of the allegations contained herein.

28. In response to Paragraph 28 of the Complaint, Wheeler denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Wheeler denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Wheeler denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Wheeler denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Wheeler denies each and every allegation.

35. In response to Paragraph 35 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, et seq.)

36. In response to Paragraph 36 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40. In response to Paragraph 40 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

41. In response to Paragraph 41 of the Complaint Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

42. In response to Paragraph 42 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## II. SECOND CAUSE OF ACTION:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code § 51-53.)

43. In response to Paragraph 43 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

44. In response to Paragraph 44 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

45. In response to Paragraph 45 of the Complaint, Wheeler denies the allegations.

46. In response to Paragraph 46 of the Complaint, Wheeler denies the allegations.

47. In response to Paragraph 47 of the Complaint, Wheeler is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Wheeler alleges the following affirmative defenses. In asserting these defenses, Wheeler does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Wheeler reserves the right to amend, correct and/or withdraw any of its additional and separate defenses.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each and every claim contained therein fails to state facts sufficient to state a claim upon which relief may be granted.

**AFFIRMATIVE DEFENSE**

Plaintiff's claim for violation of the Americans with Disabilities Act ("ADA") is barred by the doctrine of mootness. To the extent the barriers alleged by Plaintiff, if any, exist, they no longer exist.

///

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred because this Court lacks subject matter jurisdiction over Plaintiff's ADA claim.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred because the Unruh Act and the ADA do not require accessibility to the Website under these circumstances and/or to all portions of the Website.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred because, even if the Unruh Act and/or ADA require accessibility, the absence of any defined standards for website accessibility that has the force of law (including the private industry Web Content Accessibility Guidelines referenced in the Complaint) renders any determination of accessibility or inaccessibility subject to standards that are impermissibly vague and ambiguous in violation of due process and equitable principles regarding the specificity of any injunctive relief.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred because the barrier removal Plaintiff seeks under the Unruh Act and/or the ADA is not capable of being carried out without causing Wheeler undue hardship and/or fundamentally altering the nature of the Website.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred to the extent they rely on the contention that the website was designed in violation of the Unruh Act and/or ADA because the Website was designed and constructed before any applicable regulations have been issued.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred to the extent they rely on the contention that the Website was designed in violation of the Unruh Act and/or ADA because the website was designed and constructed before any applicable standard that has the force of law has been issued.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred to the extent they rely on the contention that the Website was designed in violation of the Unruh Act and/or the ADA, because neither statute nor either of the statutes' implementing regulations address accessibility to websites.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred by Defendant's good faith reliance upon reasonable interpretations of federal and California law.

**AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are barred to the extent Plaintiff has failed to mitigate or reasonably attempt to mitigate any damages.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Defendant's failure to provide reasonable modifications or auxiliary aids or services.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims are based.

**AFFIRMATIVE DEFENSE**

Plaintiff's claim for injunctive relief is barred to the extent Plaintiff lacks standing to seek or receive the injunctive relief sought in the Complaint.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims under the Unruh Act are barred by the Commerce Clause of the United States Constitution, Article I, Section 8, in that any attempt by California to regulate the Website constitutes an unlawful restraint of interstate commerce.

///

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the Unruh Act cause of action alleged in the Complaint are barred to the extent Plaintiff's requested modifications of policies, practices and procedures are not necessary to Plaintiff's equal access to the portions of the Website that operate as a place of public accommodation (if any) and/or are not reasonable modifications to Wheeler's alleged policies, practices and procedures.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred because the alleged violations are de minimis and non-actionable, as they do not materially impair Plaintiff's use of the Website for its intended purpose, nor do they materially impede Plaintiff's access to, and use of, an brick-and-mortar locations owned or operated by Defendant.

**AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages under California law is barred because Plaintiff was not denied equal access to the Website or to any brick and mortar locations owned or operated by Defendant.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred by the doctrine of primary jurisdiction.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred by Plaintiff's failure to state a clear and concise statement of his claim, including, without limitation, his failure to state all of the dates on which he allegedly encountered barriers on the Website and to identify specific portions of the Website at which barriers allegedly were encountered.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred because Plaintiff has suffered no legally cognizable damages as a result of the matters alleged in the Complaint.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred because the same

goods, services and information that Plaintiff claims are unavailable to her are equally available through alternative means in satisfaction of any and all statutory obligations.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred, in whole or in part, to the extent the operation of certain aspects of the Website are subject to the control of third parties acting outside the scope of agency, employment or control of Defendant.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred to the extent that Plaintiff has failed to name an indispensable party that operates and controls the circumstances that are alleged in the Complaint, without which the injunctive relief cannot be had.

**AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Unruh Act are barred as Plaintiff is not a resident of California and/or Plaintiff was not physically located in California when he allegedly attempted to view the Website.

**AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Unruh Act are barred as Plaintiff did not encounter access barriers which denied him full and equal access to the facilities, goods, and services offered to the public and made available to the public on Defendant's Website.

**AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Unruh Act are barred as Plaintiff has not been deterred, on any basis, from accessing the Website.

**AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Unruh Act are barred as Plaintiff had no intent to patronize the business owned by Defendant at any time.

**AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Unruh Act are barred as Plaintiff has no intent to return to patronize most, if not all, of the businesses he sues, even when websites are rendered readable by screen reading software.

**AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Unruh Act are barred as Plaintiff did not return to patronize most, if not all, of the businesses he sued, even when websites are rendered readable by screen reading software.

**AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims alleged in the Complaint are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant pray that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that a judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and,

4. For such further and other relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all issues raised in the Complaint by Plaintiff for which a jury is authorized by law.

Dated: February 2, 2022                    CARLE, MACKIE, POWER & ROSS LLP

By:   */s/ Arif Virji*
      Arif Virji, Esq.
      Justin D. Hein, Esq.
      Attorneys for Defendant, Wheeler Winery, Inc.
      dba Buena Vista Historical Winery